In the United States Bankruptcy Court
For the District of Maryland

In Re: Robert H. Root, Jr.            Case No. 15-23637NA
                                          Chapter 13
      Debtor(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the attached CHAPTER 13 PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the below listed parties the 15th day of October, 2015.

                                         /S/ James R. Logan
                                      James R. Logan
                                      Attorney for the Debtor
                                      2419 Maryland Avenue
                                      Baltimore, MD 21218
                                      (410) 243-1508

```
Ellen W. Cosby, Trustee
Via ECF
```

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-1<br>Case 15-23637<br>District of Maryland<br>Baltimore<br>Thu Oct 15 10:15:36 EDT 2015 | Baltimore City Metered Water<br>Dept of Fiinance Abel Wolman Bldg<br>200 Holliday St<br>Baltimore, MD 21202-3618 | Baltimore County Maryland<br>State and County Real Tax Bill<br>PO Box 64281<br>Baltimore, MD 21264-4281 |
| Citifinancial/Onemain<br>Citifinacial Inc.<br>Pob 140489<br>Irving, TX 75014-0489 | Citifinancial/Onemain<br>Citifinancial Inc.<br>Pob 140489<br>Irving, TX 75014-0489 | Comcast Cable Communications<br>PO Box 3006<br>Southeastern, PA 19398-3006 |
| Comptroller of Maryland<br>Revenue Administration<br>110 Carroll St.<br>Annapolis, MD 21411-1000 | Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 | Crd Prt Asso<br>Attn: Bankruptcy<br>Po Box 802068<br>Dallas, TX 75380-2068 |
| Department of the Treasury<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | Deputy County Attorney<br>Baltimore County Office of Law<br>400 Washington Avenue, 2nd Floor<br>Towson, MD 21204-4606 | First National Bank<br>Attn: FNN Legal Dept<br>1620 Dodge St., Stop Code 3290<br>Omaha, NE 68197-0002 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 | GECRB/Care Credit<br>Attn: bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 | Kohls/capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 |
| Lendmark<br>3614 Eastern Ave<br>Highlandtown, MD 21224-4205 | Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123-2255 | Onemain Fi<br>6801 Colwell Blvd<br>Irving, TX 75039-3198 |
| State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 | Supervisor of Delin. Accts.<br>Rm. 1 Municipal Building<br>Holliday & Lexington Streets<br>Baltimore, MD 21202 | The Affiliated Group I<br>Po Box 7739<br>Rochester, MN 55903-7739 |
| Verizon<br>500 Technology Dr Ste 30<br>Weldon Spring, MO 63304-2225 | Wells Fargo Home Mortgage<br>Attn:  Bankruptcy Department<br>1000 Blue Gentian Rd #300, Mac#<br>Eagan, MN 55121-1663 | Ellen W. Cosby<br>300 E Joppa Road, Suite 409<br>Towson, MD 21286-3005 |
| James R. Logan<br>James R. Logan P.A.<br>2419 Maryland Avenue<br>Baltimore, MD 21218-5017 | Robert H Root Jr<br>2900 Emerald Road<br>Parkville, MD 21234-5637 | End of Label Matrix<br>Mailable recipients    25<br>Bypassed recipients     0<br>Total                  25 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

In Re:   Robert H. Root, Jr           *

                                           *      Case No.    15-23637

                                           *      Chapter     13

                                           *

        Debtor           *

## CHAPTER 13 PLAN

__X__   Original Plan     ____ Amended Plan     ____ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

    a.   $___ per month for a term of _____ months. OR

    b.   $ _400.00_ per month for ___12_____month(s),
         $ _675.00_ per month for ___48_____month(s),
         $_____per month for _____month(s), for a
         total term of _60___ months. OR

    c.   $_____per month prior to confirmation of this plan, and
         $_____ per month after confirmation of this plan, for a total term of
         _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements in the order described below:

    a.   Allowed unsecured claims for domestic support obligations and trustee commissions.

    b.   Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $__3,353.00*__ (unless allowed for a different amount by an order of court). (*To be paid in accordance with Paragraph 4B of Local Rule Appendix F.)

    c.   Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: $ _____.

    d.   Other priority claims defined by 11 U.S.C. §507(a)(3)-(10).  The Debtor anticipates the following priority claims:

         The IRS for income taxes of $4,975.64
         The State of MD for income taxes of  $1,056.00.

e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows: None.

    i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
|  |  |  |

    ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Wells Fargo Home Loans | $20,000.00 |  |  |

    iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos.: |
|---|---|---|---|---|
| Baltimore City Water | $1,328.30 | 0% | $36.90 | 36 |
| Baltimore County Tax | $1,030.00 | 3.5% | $32.90 | 36 |

    iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: None.

    v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor: None.

    vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.  After payment of priority and secured claims, the allowed general, unsecured claims will be paid pro-rata.

3.  The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.): None.

4.  Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5.  Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.  The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated: None.

7.  Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.  Non-standard Provisions: None.

\_\_\_10/15/15\_\_\_          \_\_/S/ Robert H. Root, Jr._____
Date               Debtor


\_\_/S/ James R. Logan_____      _____
Attorney for Debtor         Joint Debtor